UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.

Melissa Mock,

    Plaintiff

v.

Schnebly Redland's Winery, Inc.,

    Defendant

## COMPLAINT

Plaintiff, MELISSA MOCK ("Plaintiff"), sues the Defendant, SCHNEBLY REDLAND'S WINERY, INC., and alleges as follows:

## NATURE OF ACTION

1. This action arises out of Plaintiff's employment relationship with Defendant, including her discrimination, harassment, and retaliation in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e et seq.; the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq.* ("FCRA"); and, Florida common law.

## PARTIES

2. At all times material, Plaintiff was a resident of Miami-Dade County, Florida.

3. From approximately June 2016 until approximately April 2017, Plaintiff was employed by Schnebly Redland's Winery, Inc. ("Schnebly") as a waitress.

4. Defendant is a for profit corporation existing under the laws of the State of Florida. Defendant has had its principal place of business in Homestead, Florida in Miami-Dade County. At all times pertinent hereto, Defendant has been engaged

in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

5. At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

6. At all times material, Defendant was a "person" and an "employer" as defined by 29 U.S.C. §630; and Fla. Stat. § 760.02.

## JURISDICTION AND VENUE

7. This court has jurisdiction of the claim herein pursuant to 42 U.S.C.A. § 2000e-5(f)(3), 28 U.S.C.A. §§ 1331 and 1343(4). This civil action arises under the laws of the United States and the law of the State of Florida. Plaintiff is alleging a violation of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e et seq.

8. Venue herein is proper under 28 U.S.C.A. § 1391(b) and 42 U.S.C.A. § 2000e-5(f)(3). Defendant is a corporate resident of this state, doing business herein, and the unlawful employment practice of which Plaintiff is complaining was committed in Florida.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all conditions precedent in filing this action, to wit:
    a. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, Miami District Office; and
    b. Plaintiff was mailed a Right to Sue Notice as to her charges of discrimination on or about January 31, 2018.

10. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

11. Plaintiff was hired around June 2016 to be a waitress at the restaurant/bar/winery owned by Defendant.

12. Almost immediately Plaintiff was introduced into a work atmosphere of female harassment and discrimination.

13. Two employees named Rudy and Dean verbally and physically assaulted Plaintiff from the beginning. Both would describe sexual acts that they wanted to do to Plaintiff and would attempt to touch and grab her, often succeeding. This happened repeatedly throughout her employment.

14. Plaintiff made several complaints about the actions of Rudy and Dean to the head server, Alicia, as well as the owners/managers Peter and Cody Schnebly.

15. Instead of taking any kind of action, all three gave a common refrain that Rudy and Dean were "just joking around" and that "they didn't mean anything by it."

16. These responses admit that Plaintiff was harassed by Rudy and Dean and management was aware of the situation as a common occurrence even before her complaints. This type of dismissive response shows that discrimination and harassment are encouraged in Defendant's workplace.

17. Plaintiff was labeled a "troublemaker" for her complaints.

18. In December 2016, an incident occurred where Plaintiff's male manager, Sendy, believed Plaintiff hung up the phone on him. He came to the restaurant irate, grabbed Plaintiff by the shoulders and physically shook her. She tried to get out of his grasp and screamed. He yelled at her to "shut the fuck up."

19. Plaintiff again complained to the owners. This time a report was made, though it did not result in any discipline for the attacker. Instead, Plaintiff was told that the

only way a report would be made was if she agreed to write that she had never previously complained about harassment at work. This was not true. Plaintiff was also told that if she did not make the statement, she would be fired.

20. Though a report was made, no discipline or investigation was made regarding what happened. The manager eventually quit, but not due to any disciplinary reason.

21. On or about April 2, 2017, Plaintiff was again attacked by Rudy. Rudy threw her against a wall, pinned her there, and sexually assaulted her. He made sexually threatening statements to her during the attack. There was a nail protruding on the wall which cut Plaintiff during the attack. She was left with bruises on her body.

22. Plaintiff made complaints to everyone she could of the attack including managers and owners.

23. Plaintiff was terminated 3 days later.

24. Cody Schnebly did the firing, telling Plaintiff that business was slow and she was no longer needed.

25. This reasoning was not true as only a few days later, Plaintiff's position was re-staffed.

26. Plaintiff was not the only person fired at the time. Another female waitress was terminated that same day. This person had also made several complaints similar to Plaintiff about sexual harassment by Rudy and Dean. Her position was also re-staffed shortly after the termination.

## COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## SEX DISCRIMINATION AND HARASSMENT

27. Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 through 26 of this Complaint.

28. Plaintiff is a woman and as such is a member of a group protected under Title VII from discrimination and harassment on the basis of sex.

29. At all times relevant, Defendant was considered an employer under Title VII.

30. At all times relevant, Defendant employed over 15 individuals.

31. Throughout her employment, Plaintiff was the victim of sexual discrimination on the basis of her sex.  Defendant allowed persistent and pervasive sexual discrimination and harassment to occur within the workplace, refusing to stop the situations or address them at all, ultimately ending with Plaintiff's termination.

32. Plaintiff did not welcome the conduct described in paragraphs 12-23, and advised ownership and management of Defendant that such conduct was unwelcome.

33. Plaintiff was subjected to the harassment because of her sex.

34. The harassment adversely affected Plaintiff's psychological well-being.

35. The harassment unreasonably interfered with Plaintiff's work performance.

36. The harassment to which Plaintiff was subjected would affect the psychological well-being and unreasonably interfere with the work performance of a reasonable woman.

37. Sexual harassment was sufficiently widespread, pervasive, and prevalent in Defendant's workplace at all times pertinent hereto to charge Defendant with constructive notice of it.

38. Plaintiff gave Defendant actual notice of sexual harassment on several occasions though physical reports were only filed in December 2016 and April 2017.

39. Defendant failed to investigate Plaintiff's complaints.

40. Defendant failed to take adequate remedial action.

41. The harassment continued to occur following Plaintiff's complaints.

42. Plaintiff sustained emotional suffering and injury attributable to the harassment.

43. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, Plaintiff respectfully prays that this court:

A.     Issue an order enjoining Defendant to cease and desist from the conduct described in Count I of this Complaint and from harassing Plaintiff in any manner whatsoever.

B.     Issue an order requiring Defendant to take steps to protect Plaintiff and other employees similarly situated from the type of conduct described in Count I of this Complaint, and from all other forms of harassment in the future.

C.     Issue an order requiring Defendant to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of sexual harassment and taking suitable remedial action.

D.     Order reinstatement of Plaintiff in the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to sexual harassment, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

E.     Award Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if Plaintiff's employment had not been terminated.

F.     Award Plaintiff compensatory damages for her emotional suffering.

G.     Award Plaintiff punitive damages.

H.     Award Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

I. Award Plaintiff costs, interest, and such other relief as this Court may deem proper.

## COUNT II:  SEX DISCRIMINATION AND HARASSMENT
## FLORIDA CIVIL RIGHTS ACT § 760.10

44. Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 through 26 of this Complaint.

45. At all relevant times Defendant was an employer who employed more than 15 employees as required by Fla. Stat.  § 760.02.

46. At all relevant times Defendant employed Plaintiff within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et. seq.

47. Defendant acted in the above mentioned manners with the intent to discriminate against Plaintiff on the basis of her sex.

48. Defendant disciplined and terminated Plaintiff following her reported sexual harassment rather than investigating the claims.  Plaintiff had been repeatedly sexually harassed by her coworkers, eventually leading to employment retaliation following her continued complaints and a final sexual assault.

49. Plaintiff's sex was the legal cause for Defendant's decision to discipline and eventually terminate her employment.  Additionally, harassment was perpetrated and allowed to continue against Plaintiff because of her sex.

50. Defendant knowingly and intentionally discriminated against Plaintiff on the basis of her sex in violation of Fla. Stat. § 760.01 et. seq.

51. This violation of the Florida Civil Rights Act of 1992 provides to Plaintiff back pay, reinstatement, attorneys' fees and costs, or any other equitable relief deemed just pursuant to Fla. Stat. § 760.11.

**WHEREFORE**, Plaintiff respectfully prays that this court:

A.  Issue an order enjoining Defendant to cease and desist from the conduct described in Count II of this Complaint and from harassing Plaintiff in any manner whatsoever.

B.  Issue an order requiring Defendant to take steps to protect Plaintiff and other employees similarly situated from the type of conduct described in Count II of this Complaint, and from all other forms of harassment in the future.

C.  Issue an order requiring Defendant to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of sexual harassment and taking suitable remedial action.

D.  Order reinstatement of Plaintiff in the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to sexual harassment, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

E.  Award Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if Plaintiff's employment had not been terminated.

F.  Award Plaintiff compensatory damages for her emotional suffering.

G.  Award Plaintiff punitive damages.

H.  Award Plaintiff attorneys' fees, including expert witness fees, pursuant to Fla. Stat 760.

I.  Award Plaintiff costs, interest, and such other relief as this Court may deem proper.

## COUNT III:  VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## RETALIATION

52. Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 through 26 of this Complaint.

53. Defendant's termination of Plaintiff was in retaliation for her complaining to Defendant about the discrimination and harassment as more fully described in the General Allegations of this Complaint.

54. Defendant's actions are retaliatory in violation of the Title VII.

55. The unlawful employment practices complained of herein and the actions of Defendant and its agents were and are willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

56. Because of such actions by Defendant, Plaintiff has suffered and continues to suffer both irreparable injury and compensable damage unless and until this court grants relief.

57. As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

**WHEREFORE**, Plaintiff, demands judgment against Defendant, as follows:

A.   A declaration that the acts and practices of Defendant complained of in this complaint are in violation of the Title VII;

B.   Injunctive relief ordered by the Court enjoining and permanently restraining these violations of the Title VII by Defendant;

C.   Actual damages suffered, including lost wages, loss of fringe benefits and damages;

D.   Compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

E.   Punitive damages, according to proof;

F.   Awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII; and

G.   Such other and further relief as the Court deems just and proper.

## COUNT IV:  VIOLATION OF THE FCRA
## RETALIATION

58. Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 through 26 of this Complaint.

59. Defendant's termination of Plaintiff was in retaliation for her complaining to Defendant about the discrimination and harassment as more fully described in the General Allegations of this Complaint.

60. Defendant's actions are retaliatory in violation of the FCRA.

61. The unlawful employment practices complained of herein and the actions of Defendant's and its agents were and are willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

62. Because of such actions by Defendant, Plaintiff has suffered and continues to suffer both irreparable injury and compensable damage unless and until this court grants relief.

63. As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

**WHEREFORE**, Plaintiff, demands judgment against Defendant, as follows:

A.   A declaration that the acts and practices of Defendant complained of in this complaint are in violation of the FCRA;

B.   Injunctive relief ordered by the Court enjoining and permanently restraining these violations of the FCRA by Defendant;

C.   Actual damages suffered, including lost wages, loss of fringe benefits and damages;

D.   Compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

E.   Punitive damages, according to proof;

F.   Awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by FCRA; and

G.   Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated this 7th day of March 2018.

> Respectfully submitted,
> By: /s/ R. Edward Rosenberg
> R. Edward Rosenberg, Esquire
> Fla. Bar No.: 88231
> Email: rer@sorondorosenberg.com
> Sorondo Rosenberg Legal PA
> 1825 Ponce de Leon Blvd. #329
> Coral Gables, FL 33134
> T: 786.708.7550

F: 786.204.0844

Attorney for Plaintiff